UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| JEFFREY STEVEN GARRETT, | ) | Case No.: 10-CV-05603-LHK |
| Plaintiff, | ) ) | ORDER GRANTING MOTION TO DISMISS IN PART WITH PREJUDICE AND IN PART WITH LEAVE TO AMEND |
| v. | ) ) | |
| HARRY TURNER, ET AL., | ) ) | |
| Defendants. | ) ) | (re: Dkt. #4) |

Presently before the Court is Defendants' unopposed motion to dismiss Plaintiff's complaint. *See* Dkt. #4. The Court deems this matter appropriate for resolution without oral argument. *See* Civ. L.R. 7-1(b). Accordingly, the March 24, 2011 motion hearing and Case Management Conference are vacated. For the reasons described below, Defendants' motion is GRANTED in part with prejudice and GRANTED in part with leave to amend.

**I. BACKGROUND**

Plaintiff Jeffrey Garrett filed a claim in Small Claims Court for the Superior Court of Santa Clara County on December 1, 2010. *See* Exh. A. to Defs.' Notice of Removal. In that document, Plaintiff alleges that he "was a member of Local Lodge #93 for 6 months at Northrop Grumman," "was overcharged EVERY week for dues," and that the "Union did not help him when [he] was terminated." Plaintiff claimed that Defendants owed him $730.00 for the alleged overcharged dues

1

Case No.: 10-CV-05603-LHK
ORDER GRANTING MOTION TO DISMISS IN PART WITH PREJUDICE AND IN PART WITH LEAVE TO AMEND

that occurred between October 2009 and April 2010. Plaintiff named as Defendants: Harry Turner, Laura Saiu, Richard Breckenridge, and Kim Foss.

Defendants timely removed this matter on December 9, 2010. *See* Defs.' Notice of Removal. According to Defendants, all Defendants named by Plaintiff are individual officers or representatives of Machinists Local Lodge 93 (the "Union"), a labor organization. In addition, Defendants state that Plaintiff was an employee under the terms and conditions of a collective bargaining agreement between the Union and the employer. *Id*. at 2. Defendants removed this action arguing that it arises under, and is preempted by, §301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185.

On December 21, 2010, Defendants moved to dismiss on the ground that Union officers acting in their union capacity are shielded from liability under the LMRA. Upon reassignment, Defendants' motion was set for a hearing on March 24, 2011. Plaintiff, proceeding *pro se* in this action, did not file an Opposition.

## II.  LEGAL STANDARDS

Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is "proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Services, Inc.*, 606 F.3d 658, 664 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court concludes that the complaint should be dismissed, it must then decide whether to grant leave to amend. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured

2
Case No.: 10-CV-05603-LHK
ORDER GRANTING MOTION TO DISMISS IN PART WITH PREJUDICE AND IN PART WITH LEAVE TO AMEND

by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  In addition, the Court recognizes that it has "a duty to construe pro se pleadings liberally, including pro se motions as well as complaints." *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).

### III.  DISCUSSION

Section 301(b) of the LMRA provides:

> (b) Responsibility for acts of agent; entity for purposes of suit; enforcement of money judgments.  Any labor organization which represents employees in an industry affecting commerce as defined in this Act and any employer whose activities affect commerce as defined in this Act shall be bound by the acts of its agents.  Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States.  Any money judgment against a labor organization in a district court of the United States *shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets.*

29 U.S.C. §185(b) (emphasis added).  The Supreme Court has held that Section 301(b) of the LMRA "exempts agents and members from personal liability for judgments against the union (apparently even when the union is without assets to pay the judgment)." *See Atkinson v. Sinclair Ref. Co.,* 370 U.S. 238, 248 (1962); *see also Peterson v. Kennedy*, 771 F.2d 1244, 1257-58 (9th Cir. 1985) ("It has long been recognized that union officers and employees are not individually liable to third parties for acts performed as representatives of the union in the collective bargaining process.")

Plaintiff's claims that his dues were improperly deducted and that the union officials did not help him with his employment are clearly claims that the Union breached its duty of fair representation, and are subject to removal under federal question jurisdiction.  *See Stallcop v. Kaiser Foundation Hospitals*, 820 F.2d 1044, 1047 (9th Cir. 1987) (claim that union breached duty of fair representation is based on federal labor law).  Plaintiff, however, may not bring a damages claim against individual union officials under section 301 of the LMRA.  *See Carter v. Smith Food King*, 765 F.2d 916, 920-21 (9th Cir. 1985) ("It is well settled that section 301 provides the basis for an action for breach of the duty of fair representation only against a union as an entity, and not against individuals who happen to hold positions in that union.").

3
Case No.: 10-CV-05603-LHK
ORDER GRANTING MOTION TO DISMISS IN PART WITH PREJUDICE AND IN PART WITH LEAVE TO AMEND

Thus, Plaintiff's damages claim must be dismissed with prejudice as against the individual union defendants. In recognition of Plaintiff's *pro se* status and this case's origination in Small Claims Court, however, the Court grants Plaintiff leave to amend to attempt to state a valid claim against a proper Defendant.

## IV.  CONCLUSION

For the reasons specified above, Defendants' motion to dismiss is GRANTED WITH PREJUDICE as to the four individual union officers named as Defendants in this case. Plaintiff is granted leave to amend to attempt to state a valid claim against a proper Defendant. Any amended complaint must respond to the deficiencies identified above, and must be filed and served no later than **Friday, April 15, 2011.** Failure to file a timely amended complaint risks dismissal of this entire action with prejudice.

**IT IS SO ORDERED.**

Dated: March 21, 2011

*Lucy H. Koh*
LUCY H. KOH
United States District Judge